**Jack CHARRIN et ux., Appellants,**

**v.**

**The METHODIST HOSPITAL, Appellee.**

**No. 15357.**

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Oct. 3, 1968.

T. M. Reardon, Houston, Sue Walker, Houston, of counsel, for appellants.

J. Eugene Clements, Houston, Baker, Botts, Shepherd & Coates, Houston, of counsel, for appellee.

PEDEN, Justice.

Appellants seek to recover damages for the personal injury suffered by Mrs. Charrin when she tripped over a television antenna cord in her room at Methodist Hospital and fell.

Summary judgment was granted in favor of the hospital. The "summary judgment evidence" includes the petition, the answer, the hospital's motion for summary judgment, appellants' verified answer to such motion and Mrs. Charrin's deposition.

Mrs. Charrin's deposition testimony supplies the only account of the occurrence,

so there is no controversy as to the facts. Summary judgment having been granted against Mr. and Mrs. Charrin, they are entitled to have all reasonable inferences resolved in their favor. Smith v. Bolin, 153 Tex. 486, 271 S.W.2d 93 (1954).

Mrs. Charrin fell as she was gathering her belongings to check out of the hospital. The television set had been installed in the room for another patient on the same day Mrs. Charrin entered the hospital and the antenna connected some four or five days before her fall. The antenna cord extended from the window near her, around the foot of her bed to the portable television set near the foot of the other patient's bed nearby. At the point where she tried to step over it the cord was about a foot off the floor, as it had usually been, although its height had varied as the set was moved. Mrs. Charrin stated that she had three choices: she could step over the cord, walk around the television set, or push it aside (it was on rollers). Nurses and others who had come into the room had rolled it out of the way or had stepped over the cord. Mrs. Charrin had usually walked around it. That is, she had walked between the television set and the bed of the other patient.

When the set was installed she had been impressed by the danger of having the cord up in the air and had so advised the installer. She stated that at the time of her fall she knew the television set was there, she was attempting to step over the cord, she knew she could have walked around the set, but "there was more room between my bed and the T.V. antenna and I was anxious to go home."

Appellants' points of error are 1) the evidence is insufficient to present a prima facie case for the hospital, 2) appellants' answer to the motion for summary judgment raised a fact issue as to whether the hospital was negligent, 3) such answer raised a fact issue as to whether Mrs. Charrin was aware and had notice of the position of the set and antenna, 4) such answer raised a fact issue as to whether the hos-

pital had a duty to warn Mrs. Charrin of the dangerous condition as well as a duty to inspect and remedy the dangerous condition, 5) the trial court erred in entering judgment on the hospital's affirmative defenses of "no duty", *volenti non fit injuria* and assumption of risk and 6) the court erred in granting judgment on the doctrine of charitable immunity.

We overrule each of these points. The hospital did not assert the doctrine of charitable immunity in its motion for summary judgment, and appellants' other points present only the narrow question of whether the motion and judgment are supportable under the doctrine of "no duty" or that of *volenti non fit injuria*.

The hospital-patient relationship existing between the parties in our case is different from that of landlord-tenant found in Harvey v. Seale, 362 S.W.2d 310 (Tex.Sup. 1962). In the latter case it was held that the "no duty" concept is not applicable because the lease gave the lessee's daughter a right to be on the premises and she was not there merely by permission or invitation of the landlord. If she encountered the risk she might be contributorily negligent, but the landlord's duty to repair was not discharged by her actual knowledge, by the risk's being open and obvious or by her voluntarily exposing herself to it.

The innkeeper-guest relationship, like that of hospital and patient, does not ordinarily involve transfer to the guest or patient of exclusive control or possession over the rented room as against the owner, so the transfer of an estate in land (as from landlord to tenant) does not occur. 31 Tex.Jur.2d 383, Innkeepers, § 2. A patient accepted by a hospital enjoys the status of an invitee or business visitor entitled to the exercise of ordinary care by the hospital to keep its premises in reasonably safe condition for the expected use. 16 A.L.R.3rd 1238.

Thus, the hospital as occupier of the premises has a duty to keep them in a

reasonably safe condition for its invitees, to warn or protect its invitees from any dangers of which it knows or should know in the exercise of ordinary care. But if there are dangers of which the invitees know or dangers which are so open and obvious that the invitees are charged in law with knowledge, then the occupier owes them no duty to warn or protect the invitees. This "no duty" concept is not an affirmative defense; the plaintiff must negative it. Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368 (Tex.Sup.1963).

As far as Mrs. Charrin was concerned, her deposition testimony demonstrates that the cord over which she tripped presented not only a known risk but was also an open and obvious one, so the hospital had no duty to warn her or protect her from it.

The affirmative defense of *volenti* was pleaded by the hospital. A plaintiff may not recover for an injury received when he voluntarily and deliberately exposes himself to a known and appreciated danger as a result of an intelligent choice. Wood v. Kane Boiler Works, 150 Tex. 191, 238 S.W.2d 172 (1951). He may not recover where it is shown that he is in possession of facts from which he would be legally charged with appreciation of the danger. Schiller v. Rice, 151 Tex. 116, 246 S.W.2d 607 (1952). We hold that appellee's summary judgment was supported by both the "no duty" and the *volenti* doctrines.

Having ruled that the hospital owed appellants no duty and that Mrs. Charrin had voluntarily exposed herself to the risk, we find it unnecessary to determine whether an issue is raised as to the hospital's negligence.

The judgment of the Trial Court is affirmed.