NUMBER 13-01-147-CV

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 

 



MARIA G. RUBIO AND
MARY HOLCOMB

AS NEXT FRIEND OF MARIA G. RUBIO,                                 Appellants,

 

                                                   v.

 

DIVERSICARE GENERAL PARTNER, INC.,              

DIVERSICARE LEASING
CORPORATION,

ADVOCAT, INC., AND
TEXAS DIVERSICARE

LIMITED PARTNERSHIP D/B/A GOLIAD MANOR,                      Appellees.

 



 

                        On appeal from the 267th District Court

                                   of Goliad County, Texas.

 



 

                                   O P I N I O N

 

                      Before Justices Dorsey, Yañez, and
Castillo

                                  Opinion by Justice Castillo

 








Appellants Maria G.
Rubio and Mary Holcomb, next friend of Maria G. Rubio (appellants collectively
herein referred to as ARubio@), appeal from a
summary judgment issued against them in the trial court.  Summary judgment was granted against Rubio
and in favor of appellees, Diversicare General Partner, Inc., Diversicare
Leasing Corporation, Advocat, Inc., and Texas Diversicare Limited Partnership
d/b/a Goliad Manor (appellees collectively herein referred to as ADiversicare@) based on Diversicare=s claim that suit was
barred by the statute of limitations contained in the Texas Medical Liability
Insurance Improvement Act (AMLIIA@).[1]  In a single issue presented, appellants argue
that summary judgment was improper because the claim was not one that fell
within the purview, and thus the limitations, of that Act.  We reverse and remand.  

Factual Summary

Maria Rubio was a
resident at Goliad Manor, a nursing home run by Diversicare.[2]  She became a resident in August of 1994 at
the age of eighty-two and remained as a resident at least through 1999.  Rubio was suffering from senile dementia at
the time she was admitted to Goliad Manor, and she was legally incompetent
during her time there.  During her stay
at Goliad Manor, Rubio suffered two falls, once in March of 1998 and once in
January of 1999.  As a result of these
accidents, she severely broke her leg and suffered other serious
consequences.  On July 14, 1999, Rubio
filed suit seeking damages based on those two incidents.








Subsequently, on
September 26, 2000, Rubio amended her petition to seek damages based on her
claim that she was repeatedly sexually assaulted by a fellow Goliad Manor
resident in April of 1995.  The amended
petition claimed that Goliad Manor failed to take measures to prevent the
incidents despite its knowledge that the attacker had assaulted several other
residents of the nursing home.  

Diversicare moved for
summary judgment on the sexual assault claim on the basis that the incident
occurred five and a half years prior to the date that the amended petition was
filed and thus was time-barred under the statute of limitations contained in
the MLIIA.  Rubio countered that the
claim was not a health-care liability claim that should fall under the MLIIA requirements
but was instead an ordinary negligence claim that should be governed by the
traditional statute of limitations.  The
trial court granted Diversicare=s motion for summary
judgment on the sexual assault claim on the basis of statute of limitations and
severed these claims from the rest of the claims brought by Rubio, thus
rendering final judgment on this issue. 
Rubio timely appealed.  

Standard of Review








Diversicare moved for
summary judgment based on its affirmative defense of statute of
limitations.  As such, the summary
judgment analysis falls under Texas Rule of Civil Procedure 166a(c)
(traditional summary judgment).  Tex. R. Civ. P. 166a(c).  In a traditional summary judgment under Texas
Rule of Civil Procedure 166a(c), the movant has the burden of showing that
there is no genuine issue of material fact and is entitled to judgment as a
matter of law.  American Tobacco Co.
v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997).  In deciding whether there is a disputed
material fact issue precluding summary judgment, evidence favorable to the
nonmovant will be taken as true.  Id.  Every reasonable inference must be
indulged in favor of the nonmovant and any doubts must be resolved in favor of
the nonmovant.  Id.  Evidence favoring the movant=s position will not be
considered unless it is uncontradicted.  Great
American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d
41, 47 (Tex. 1965).  A defendant=s motion for summary
judgment must disprove at least one essential element of each of the plaintiff=s causes of action, or
establish all the elements of an affirmative defense as a matter of law.  Grinnell, 951 S.W.2d at 425; Ford
v. City State Bank of Palacios, 44 S.W.3d 121, 127 (Tex. App.BCorpus Christi 2001,
no pet.).  In the case of a summary
judgment on the basis of the affirmative defense of statute of limitations, the
defendant must conclusively establish that defense.  Zale Corp. v. Rosenbaum, 520 S.W.2d
889, 891 (Tex. 1975).  Statute of
limitations is an appropriate ground for summary judgment, and the defendant
will be entitled to summary judgment on that basis if it conclusively
establishes that the applicable statute of limitations has expired.  KPMG Peat Marwick v. Harrison County Hous.
Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999).  

Applicable Statute of
Limitations








Whether the statute of
limitations expired in this case is dependent on which statute of limitations
is determined to be applicable.  Under
the general statute of limitations for a personal injury claim, the statute of
limitations is two years.  Tex. Civ. Prac. & Rem. Code Ann. ' 16.003 (Vernon Supp.
2002).  However, this statute of
limitations is tolled when the claimant is under a Alegal disability.@  Tex.
Civ. Prac. & Rem. Code Ann. ' 16.001(b) (Vernon
Supp. 2002).  The definition of Alegal disability@ includes situations
where the person is of Aunsound mind.@  Tex.
Civ. Prac. & Rem Code Ann. ' 16.001(a)(2) (Vernon Supp. 2002).

It is undisputed that
Rubio was of unsound mind, due to her senile dementia, throughout her stay with
Goliad Manor.  Thus, if her claim falls
within the general statute of limitations stated above, that limitation would have
been tolled, and her claims brought in 2001 for sexual assault would have been
timely.  

Under the MLIIA, the
statute of limitations is also two years; however, there is no provision for
tolling the statute of limitations due to disability: 

Notwithstanding any
other law, no health care liability claim may be commenced unless the action is
filed within two years from the occurrence of the breach or tort or from the
date the medical or health care treatment that is the subject of the claim or
the hospitalization for which the claim is made is completed; provided that,
minors under the age of 12 years shall have until their 14th
birthday in which to file, or have filed on their behalf, the claim.  Except as herein provided, this subchapter
applies to all persons regardless of minority or other legal disability.  

 

Tex.
Rev. Civ. Stat. Ann. art. 4590i '10.01 (Vernon Supp.
2002) (emphasis added).  Therefore, if
Rubio=s claim falls within
the definition of Ahealth care liability
claim,@ then it is
time-barred, and the trial court was correct in granting summary judgment. 

 








Was Rubio=s Claim a AHealth Care Liability
Claim@?








The MLIIA defines Ahealth care liability
claim@ as Aa cause of action
against a health care provider or physician for treatment, lack of treatment,
or other claimed departure from accepted standards of medical care or health
care or safety which proximately results in injury to . . . the patient,
whether the patient=s claim or cause of
action sounds in tort or contract.@  Tex.
Rev. Civ. Stat. Ann. art. 4590i '1.03(a)(4) (Vernon
Supp. 2002).  Thus, the central question
involved is whether the claim is one based on a Adeparture from accepted standards of medical care
or safety.@  Id. 
In making this determination, we must look to the underlying nature
of the cause of action, and determine whether the claim is based on a breach of
the accepted standards of medical care.  MacGregor
Medical Ass=n v. Campbell, 985 S.W.2d 38, 40
(Tex. 1998); Rogers v. Crossroads Nursing Service, Inc., 13 S.W.3d 417,
419-20 (Tex. App.BCorpus Christi 1999,
pet. denied).  It is not the pleadings
but the Aunderlying nature of
the claim@ that determines
whether the restrictions contained in article 4590i are applicable to the
case.  Sorokolit v. Rhodes, 889
S.W.2d 239, 242 (Tex. 1994).  In doing
so, it is helpful to examine whether the claim involves the diagnosis, care, or
treatment of the patient, and whether expert witness testimony would be
required to prove the negligence alleged. 
Rogers, 13 S.W.3d at 419. 
Where the complained-of acts committed by the health care provider are
not an Ainseparable
part of the rendition of hospital services,@ the MLIIA and its strict statute of limitations
is not applicable.  Bush v. Green Oaks
Operator, Inc., 39 S.W.3d 669, 672 (Tex. App.BDallas 2001, no pet.).

In Rogers,
we dealt with a situation similar to the one presented in this case.  In that case, a home health-care provider
negligently installed a heavy medical supply cart in an invalid patient=s home.  Rogers, 13 S.W.3d at 419.   We held in Rogers that the MLIIA
statute of limitations did not apply, because the proof of the health care
provider=s negligence
would not depend on health care-specific standards, but rather on general
standards of ordinary care.  Id. at
420.  We found that the ordinary care
standard, rather than medical standards, were applicable because there was no
need for medical expertise to prove the wrongdoing.  Id. 

Two of our
sister courts have dealt with situations nearly identical to those presented in
the current case, and in both cases determined that the standard of care
applicable was ordinary care.  Healthcare
Centers of Texas, Inc. d/b/a Laporte Healthcare Center v. Rigby, No.
14-00-00790-CV, 2002 Tex. App. LEXIS 1812 (Tex. App.BHouston [14th
Dist.] March 7, 2002, no pet. h.); Sisters of Charity of the Incarnate Word
d/b/a St. Joseph Hospital v. Gobert, 992 S.W.2d 25 (Tex. App.BHouston [1st
Dist.] 1997, no pet.).  In Gobert,
suit was filed against a hospital based upon an incident where the plaintiff
was sexually assaulted by a fellow hospital patient.  Gobert,  992 S.W.2d at 27. The hospital argued that
the applicable standard of care was that of medical negligence, requiring
expert medical witness testimony.  Id.
at 28.  The First District Houston
court disagreed, holding that 








[T]his is not a medical malpractice case
where the jury would be instructed about the appropriate standard of care for
mental patients generally.  St. Joseph
had a duty to provide for the care and protection of its patients, and to
exercise reasonable care to safeguard its patients from any known or reasonably
known danger.  Therefore, this is a case
of simple negligence, and the standard of care is that of ordinary care.

 

Id.  In Rigby, a bystander who witnessed a
sexual assault in a hospital sued based on the hospital=s failure to
protect its residents from a known sexual deviant.   Rigby, 2002 Tex. App. LEXIS 1812 at
*10.  The hospital argued that the MLIIA
precluded recovery for bystander liability, and thus the cause should be
dismissed.  Id. at *20.  The MLIIA was applicable, the hospital
claimed, because the suit amounted to a claimed departure from the accepted
standards of safety.  Id.  The Fourteenth District Houston court
disagreed, stating that A[b]ecause the
issue of protecting Mrs. Underwood from Mr. Jones is not governed by an
accepted standard of safety within the health care industry, but rather is
governed by the standard of ordinary care, the plaintiff=s cause of
action is one of simple negligence not governed by article 4590i.@  Id.   









In the present case,
the underlying nature of the sexual assault claim depends not on expert medical
witness testimony, but on the standard of ordinary care applicable to any
typical negligence case.  No medical expert
witness testimony would be required to prove whether Diversicare provided
adequate security for, and supervision of, its residents.  The claimed negligence by Rubio was not that
Diversicare or its doctors failed to follow medical procedures, and in fact did
not involve a medical issue.  Nor would
there be any need to bring expert medical testimony to prove whether
Diversicare was aware of the sexual assaults committed against other residents
prior to the April 1995 assaults on Rubio, and nevertheless failed to take
precautionary measures to prevent such assaults in the future.  The circumstances of this case are similar to
those in Rogers, in that no medical expertise is necessary to prove the
claimed wrongdoing.

Further, we disagree
with Diversicare=s assertion in its
brief that Rubio Ajudicially admitted@ the application of
the MLIIA to the current case, and is therefore estopped from arguing that the
MLIIA is inapplicable.  Diversicare cites
Horizon/CMS Healthcare Corp. v. Auld, 34 S.W.3d 887 (Tex. 2000) in
support of this claim.  We find that Auld
does not stand for this proposition.  The
Auld court stated that A>[a] judicial admission
must be a clear, deliberate, and unequivocal statement,= and >occurs when an
assertion of fact is conclusively established in live pleadings, making the
introduction of other pleadings or evidence unnecessary.=@ Id. at 905
(quoting Regency Advantage Ltd. Partnership v. Bingo Idea-Watauga, Inc.,
936 S.W.2d 275, 278 (Tex. 1996) and Chilton Ins. Co. v. Pate & Pate
Enters., Inc., 930 S.W.2d 877, 884 (Tex. App.BSan Antonio 1996, writ denied)).  In Auld, the Texas Supreme Court found
that the plaintiff made unequivocal assertions that the defendant was a Ahealth care provider@ and the claim was a Ahealth care liability
claim@ as defined by the
MLIIA.  Id.  The Auld court found it important to
the analysis of judicial admissions that the initial pleading claiming that the
plaintiff met the conditions precedent to suit under the MLIIA were
incorporated into the final, live pleading.  
Id.  

In this case, there is
no such Aunequivocal statement@ constituting a
judicial admission.  On the contrary, in
the First Amended Petition, which was the live pleading at the time of trial,
Rubio stated in paragraph 11 that 








Plaintiffs would further show that portions of
the underlying cause of action are not subject to Tex. Rev. Civ. Stat. Ann.
art. 4590i since it does not involve issues of medical malpractice but rather
issues of ordinary care with regards to furnishing a reasonably safe place for
Maria Rubio to reside at Defendant=s facility and
Defendant=s failure to exercise
ordinary care to protect her from a sexual predator.

 

While
Rubio alleges in her amended petition that Diversicare is a Ahealth care provider@ and further that, as
to her claims that did fall within the MLIIA=s requirements, she
had met the notice requirements, Rubio nowhere alleges that this particular
claim was a Ahealth care liability
claim@ as defined by the
MLIIA.  The doctrine of judicial
admissions as articulated in Auld is not applicable to this case and
does not relieve Diversicare of its burden to demonstrate the applicability of
the MLIIA=s statute of
limitations to this cause of action.  

Therefore, as the sexual assault claim asserted by Rubio did not fall
within the category of claims governed by the MLIIA, we find that Diversicare
failed to conclusively establish its affirmative defense of limitations.  See KPMG Peat Marwick, 988 S.W.2d at
748.  Accordingly, we sustain Rubio=s issue on
appeal.  

Conclusion

Having sustained Rubio=s sole issue, we
reverse the summary judgment issued by the trial court and remand for further
proceedings consistent with this opinion.

ERRLINDA
CASTILLO

Justice

 

 

Publish.

Tex. R. App. P. 47.3(b).

 

Opinion
delivered and filed

this
1st day of August, 2002.











[1]Tex. Rev. Civ. Stat. Ann.
art. 4590i '' 1.01 - 16.02
(Vernon Supp. 2002).  





[2]Ms.
Rubio passed away during the pendency of this lawsuit in the trial court.