Opinion issued March 3, 2005











In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00228-CV




IRVING W. MARKS, Appellant

V.

ST. LUKE’S EPISCOPAL HOSPITAL, Appellee




On Appeal from the 215th District Court
Harris County, Texas
Trial Court Cause No. 2002-14353




O P I N I O N
          Appellant, Irving W. Marks, appeals from an order dismissing his claims
against appellee, St. Luke’s Episcopal Hospital (“St. Luke’s”) for failure to file expert
reports as required by statute for “health care liability” claims.


 We determine
whether the claims asserted by appellant in his original petition constitute health-care-liability claims under the meaning of the statute, thereby requiring expert reports
within 180 days of filing. We reverse the order dismissing appellant’s claims and
remand the cause to the court below.
Statement of Facts
          In his original petition, appellant alleged the following facts: 
5.On or about March 24, 2000, Irving Marks, a 66-year old
man, suffered severe injuries after a fall from his hospital bed at St.
Luke’s. 
 
6.Mr. Marks was admitted to St. Luke’s on March 17, 2000,
to undergo treatment for chronic intractable failed back symptomatology
and intractable radiculopathy after five lumbar operations failed to cure
Mr. Marks’ severe back problems. 
 
7.On March 17, 2000, Mr. Marks underwent surgery to
implant an intrathecal morphine pump catheter. Immediately following
his surgery, Mr. Marks began his morphine treatment with an initial
dose of .25 milligrams, and Mr. Marks’ morphine doses were raised
incrementally up to four milligrams on the ninth day.
 
8.After his surgery and his morphine treatment, Mr. Marks’
condition improved drastically until Mr. Marks fell the night of March
24, 2000. 
 
9.At the time of his fall, Mr. Marks was getting up from his
hospital bed in the middle of the night, and Mr. Marks was in an upright
position sitting at or near the foot of his hospital bed. Mr. Marks placed
his hand on the hospital bed’s footboard to push himself up to a standing
position. As he was pushing himself up, the hospital bed’s footboard fell
off causing Mr. Marks to fall to the floor. 
 
10.Mr. Marks suffered severe personal injuries as a result of
the fall. 

(Emphasis added.)
          Appellant asserted that St. Luke’s “breached the duty of ordinary care owed to
Mr. Marks” in the following ways: 
a.By failing to properly train and supervise any and all agents,
employees, servants, and nursing staff when caring for Mr. Marks
to prevent and protect him from falls and injuries; 
 
b.By failing to provide Mr. Marks with the assistance he required
for daily living activities;
 
c.By failing to provide Mr. Marks with a safe environment in which
to receive treatment and recover; and 
 
d.By providing Mr. Marks with a hospital bed that had been
negligently attached and assembled by [St. Luke’s] employees,
agents, servants or nursing staff.

Appellant did not file any expert’s report within 180 days of filing his original
petition. Appellant’s second amended petition alleged additional acts of negligence,
including the following: 
d.Failing to properly monitor Mr. Marks; 

          . . . . 
 
h.Failing to ensure that adequate policies and procedures were in
place for the hiring, training and supervision of the nursing staff
at the hospital; and 
 
i.Failing to ensure that the person(s) hired to work at the hospital
had a sufficient understanding of safety concerns for the patients
and was competent to formulate policies and procedures for
patient safety and quality assurance.

Believing that these additional claims might have asserted health-care-liability claims
under Texas law, appellant filed two experts’ reports within 180 days of filing this
second amended petition. St. Luke’s filed a motion to dismiss, arguing that the
claims asserted by appellant in his original petition also constituted health care
liability claims under the meaning of article 4590i of the Texas Revised Civil
Statutes, and that appellant had failed to provide expert reports within 180 days of
original filing, as required by that statute. Appellant filed a motion to extend the time
for filing the reports, arguing that he did not intend the original petition to assert a
heath care liability claim and therefore believed that expert reports were not required. 
The trial court found that the original petition did assert health care liability claims,
denied appellant’s motion to extend the time to file expert reports, and granted St.
Luke’s motion to dismiss.
Standard of Review
          A dismissal under article 4590i is generally reviewed under an abuse of
discretion standard. Ponce v. El Paso Healthcare Sys., Ltd., 55 S.W.3d 34, 36
(Tex.App.—El Paso 2001, pet. denied). However, to the extent resolution of this
issue requires interpretation of the statute itself, we review under a de novo standard. 
Id. (citing Johnson v. City of Fort Worth, 774 S.W.2d 653, 656 (Tex. 1989)). The act
defines “health care liability claim” as follows:
“Health care liability claim” means a cause of action against a health
care provider or physician for treatment, lack of treatment, or other
claimed departure from accepted standards of medical care or health
care or safety which proximately results in injury to or death of the
patient, whether the patient's claim or cause of action sounds in tort or
contract. 

Medical Liability and Insurance Improvement Act of Texas, 65th Leg., R.S., ch. 817,
§ 1.03(a)(4), 1977 Tex. Gen. Laws 2039, 2041, repealed by Act of Sept. 1, 2003, 78th
Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884 (current version at Tex.
Civ. Prac. & Rem. Code Ann. §§ 74.001–.507 (Vernon Supp. 2004-2005))
(hereinafter “article 4590i, § 1.03(a)(4)”). Thus, a health care liability claim is based
on a breach of a standard of care applicable to health care providers. Bush v. Green
Oaks Operator, Inc., 39 S.W.3d 669, 672 (Tex. App.—Dallas 2001, no pet.). The act
requires that a qualified physician or health care expert testify regarding the
applicable standard of care, the breach of that standard, and causation of the
plaintiff’s damages. Art. 4590i, §§ 13.01, 14.01; Rogers v. Crossroads Nursing Serv.,
Inc., 13 S.W.3d 417, 419 (Tex. app.—Corpus Christi 1999, no pet.). The act or
omission complained of must be an inseparable part of the rendition of medical
services. Bush, 39 S.W.3d at 672. In determining whether a particular case presents
a health care liability claim, we must examine the underlying nature of the claim. Id.
at 672 (citing Sorokolit v. Rhodes, 889 S.W.2d 239, 242 (Tex. 1994)). In doing so,
we are not bound by the party’s own characterization of the claims. Ponce, 55
S.W.3d at 38. 
Discussion
          In his first issue, appellant contends that the trial court erred in finding that his
original petition stated a health care liability claim under the meaning of article 4590i. 
Appellant argues that his original petition asserted claims based on St. Luke’s breach
of an ordinary standard of care, not a medical standard of care. 
          In response, St. Luke’s contends that Marks pleaded a health care liability
claim because (1) the facts pleaded in Marks’s original petition are the same facts
pleaded in his second amended petition, and Marks admits that the second amended
petition states a health care liability claim; (2) Marks alleges that St. Luke’s breached
medical and safety standards of care applicable to health care providers; and (3) a
hospital bed and nursing care are inseparable parts of the medical care of a patient. 
          Regarding St. Luke’s first contention, we are not bound by Marks’s
characterization of his second amended petition as a health care liability claim. See
Ponce, 55 S.W.3d at 38. Therefore, the factual similarity between Marks’s original
petition and his second amended petition is as likely to cast doubt on his
characterization of his second amended petition as on his original petition. For the
purposes of this appeal, we must look to the underlying nature of his allegations in
his original petition. 
          The basis of Marks’s complaint was a footboard that broke loose from Marks’s
hospital bed, causing Marks to fall to the floor. The underlying nature of his
allegations is of an unsafe condition created by an item of furniture. Such a
complaint relates to premises liability, not health care liability, and is governed by the
standard of ordinary negligence. See Bush, 39 S.W.3d at 672 (stating that duty to
provide reasonably safe environment or to warn of known danger is owed by
premises owner to invitee, not by health care provider to patient); Rogers, 13 S.W.3d
at 420 (determining that complaint regarding unsafe placement of supply bag related
to breach of ordinary care). 
          In Rogers, a home health care employee placed a heavy supply bag on a table
near Rogers, who was recuperating from back surgery. 13 S.W.3d at 418. The bag
fell on Rogers and re-injured his back. Id. The nursing service argued that Rogers’s
complaint fell within article 4590i because he claimed a departure from accepted
standards of safety. Id. The court of appeals disagreed, reasoning that the phrase
“accepted standard of . . . safety,” as used in article 4590i, must be read in context as
“accepted standard of safety within the health care industry.” Id. at 418-19. Because
the health care industry does not have a safety standard for the placement of heavy
supply bags, the court concluded that Rogers’s complaint was governed by the
standard of ordinary care. Id. at 419. 
          St. Luke’s attempts to distinguish the present case from Rogers on the basis
that the hospital bed is “a piece of medical equipment” and is “inseparable from
[Marks’s] medical care.” We conclude that this case cannot be distinguished on those
facts. The bed is no more a piece of medical equipment than a bag full of supplies to
be used by a home health care worker in delivering health care services. Furthermore,
in our view, the bag of supplies is even more “inseparable from medical care” than
the bed, which may or may not be in use during medical care. Moreover, Rogers and
the present case are similar in that the underlying nature of the complaint in
each—the placement of the bag on the table and the assembly and maintenance of the
bed—does not require medical expertise to set forth a standard of care or to determine
whether a standard of care has been breached. 
          St. Luke’s argues that Marks’s complaint regarding the nursing care and
monitoring establishes that he is asserting a health care liability complaint. This
argument misstates the nature of Marks’s complaint. His complaint regarding the
nursing staff—not the nursing care—relates to his fall and injury and the negligent
assembly of the bed. These complaints do not implicate the health care provided to
Marks. In addition, Marks did not complain about the monitoring until his second
amended petition. 
          St. Luke’s also refers to the report of Marks’s expert as support for St. Luke’s
contention that Marks’s complaint relates to health care liability. However, in
determining the underlying nature of Marks’s complaint, we look to his
pleadings—here, Marks’s original petition—and not to other documents, particularly,
in this case, an expert report filed in support of Marks’s second amended petition. In
the absence of special exceptions, we construe the pleadings in favor of the pleader. 
Roark v. Allen, 633 S.W.2d 804, 809 (Tex. 1982).
          In view of the facts alleged by Marks, we hold that the underlying complaint
in Marks’s original petition relates to premises liability, not medical liability. We
further hold that Marks’s complaint in his original petition is governed by an ordinary
standard of care. Accordingly, we sustain Marks’s first issue. 
          Having determined that Marks’s complaint is based on ordinary negligence, we
need not reach Marks’s issues complaining of the trial court’s extension of the
requirement of an expert report to the conduct of cleaning and maintenance staff and
the trial court’s denial of an extension of time to file expert reports. 
          We reverse the order dismissing appellant’s claims and remand the cause to the
court below for further proceedings. 
 
 
                                                             Sam Nuchia
                                                             Justice

Panel consists of Justices Nuchia, Jennings, and Alcala.