NUMBER 13-05-228-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

 

SALVADOR MENDEZ, M.D., AND

MCALLEN BONE AND JOINT

CLINIC, P.A.,                                                                                 Appellants,

 

                                                             v.                                

 

IRENE RODRIGUEZ AND 

EUGENIO RODRIGUEZ,                                                                  Appellees.

 

                   On
appeal from the County Court at Law No. 4 

                                      of
Hidalgo County, Texas.

 

                               MEMORANDUM
OPINION

 

           Before
Chief Justice Valdez and Justices Castillo and Garza

                            Memorandum
Opinion by Justice Garza

 








Appellants, Salvador Mendez, M.D. and McAllen Bone
and Joint Clinic, P.A., challenge the trial court=s
denial of their motion to dismiss the claims filed by appellees, Irene
Rodriguez and her husband, Eugenio, for failure to provide an expert report and
curriculum vitae within the 120-day statutory period.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 74.351 (Vernon 2005).  The parties dispute whether an expert report
and curriculum vitae was required in this case, an issue which depends on
whether section 74.351 of the civil practice and remedies code applies to the
claims brought by appellees.  Id.  According to appellants, section 74.351
applies because appellees= claims are health care liability claims.  Appellees, in contrast, maintain that section
74.351 does not apply because their claims are actually common-law claims for Anegligence, res ipsa loquitur, and premises
liability.@  

Although the trial court did not state its reasons
for denying appellants= motion to dismiss, appellees= failure to produce an expert report and curriculum
vitae within the 120-day statutory period means that the trial court=s decision would be correct and can be upheld only
if section 74.351 does not apply to appellees=
claims.  Because the applicability of the
statute is an issue of law, we review the trial court=s ruling de novo. 
See Ponce v. El Paso Healthcare Sys., 55 S.W.3d 34, 36 (Tex. App.CEl Paso 2001, pet. denied).  For the reasons that follow, we conclude that
section 74.351 is applicable to appellees= claims. 
Accordingly, we reverse the trial court=s
ruling and remand the case to the trial court for further proceedings
consistent with this opinion.  

Section 74.351 applies to any Ahealth care liability claim,@ which is defined as 

a cause of action against a health care provider or
physician for treatment, lack of treatment, or other claimed departure from
accepted standards of medical care, or health care, or safety or professional
or administrative services directly related to health care, which proximately
results in injury to or death of a claimant, whether the claimant=s claim or cause of action sounds in tort or
contract. 

 








Tex. Civ. Prac. & Rem.
Code Ann. '' 74.001(a)(13), 74.351(a) (Vernon 2005).  As this Court has previously explained, a Ahealth care liability claim@ may not be recast as some other cause of action in
order to avoid the requirements imposed on health care liability
claimants.  Rogers v. Crossroads
Nursing Serv., Inc., 13 S.W.3d 417, 420 (Tex. App.CCorpus Christi 1999, no pet.).  The underlying nature of the claim, not
labels used by claimants, will determine whether a claim is truly a Ahealth care liability claim.@  Id.  The key inquiry is whether the claim is based
upon an alleged departure from accepted standards of medical care, health care,
or safety.  Ponce, 55 S.W.3d at
38.  The act or omission complained of
must also be an inseparable part of the rendition of health care services.  Bush v. Green Oaks Operator, Inc., 39
S.W.3d 669, 672 (Tex. App.CDallas 2001, no pet.).  

 Appellees= petition alleges the following facts:  In October 2003, appellee Irene Rodriguez was
planning to have surgery on her left ankle. 
She went to appellants= facility at the beginning of October to have her
left ankle x-rayed prior to the surgery. 
During this visit, she attempted to climb down from an examination
table, fell, and broke her wrist. 
Subsequently, in late October, appellant Salvador Mendez, M.D. performed
the planned surgery on her ankle.  








Appellees= petition asserts that the negligence of one or both
of appellants caused Irene to fall from the examination table and suffer the
injuries and damages claimed.  Appellees
argue that appellants were negligent because neither appellants nor their staff
helped Irene down from the examination table. 
Appellees also contend that, at the very least, appellee Eugenio
Rodriguez should have been allowed into the x-ray room to assist his wife in
getting on and off the examination table. 
Appellees also make various other allegations against appellants, but
all the allegations focus on the fall and how or why appellants should have
acted differently to prevent it. 

We find it noteworthy that appellees= petition acknowledges that appellant McAllen Bone
and Joint Clinic, P.A. Aprovided medical care, advice and treatment to
Plaintiff Irene Rodriguez.@  Although the
petition does not make the same concession regarding appellant Salvador Mendez,
M.D., the petition does acknowledge that, on the day she was injured, Irene had
gone Ato Dr. Salvador Mendez and McAllen Bone and Joint
Clinic, P.A. to receive x-rays of her left ankle.@

It is undisputed that appellant McAllen Bone and
Joint Clinic, P.A. is a health care provider and that appellant Salvador
Mendez, M.D. is a physician.  It is also
undisputed that appellees= injuries occurred during appellants= x-ray examination of Irene.  We fail to appreciate how an x-ray
examination by a physician or a health care provider can be characterized as
anything other than Ahealth care treatment.@  See Tex.
Civ. Prac. & Rem. Code Ann. ' 74.001(a)(10), (13).  Appellees have not cited any case precedent
to establish that an x-ray examination is not health care treatment.  Furthermore, their petition plainly alleges
that Irene was injured during the course of the x-ray examination.  Irene fell as she was climbing down from the
examination table.  We find it
self-evident that, in this case, getting on and off the examination table was
an inseparable part of the x-ray process. 
See Bush, 39 S.W.3d at 672. 
To the extent the claims pursued by appellees also involve appellants= staff and their alleged failures to act safely or
lack of proper training, the claims involve safety, professional, or other
administrative services directly related to the health care treatment provided
by appellants.  See Tex. Civ. Prac. & Rem. Code Ann. ' 74.001(a)(13). 









We disagree with appellees= contention that this case is similar to the case
presented to the First Court of Appeals in Marks v. St. Luke's Episcopal
Hosp., No. 01‑04‑00228‑CV, 2005 Tex. App. LEXIS 1694
(Houston [1st Dist.] March 5, 2005) (publication pending).  In Marks, the First Court of Appeals
held that the plaintiff=s claim against a hospital related to premises
liability, not  medical liability,
because the basis of the plaintiff=s complaint was that a footboard broke loose from
his hospital bed, causing him to fall to the floor.  See id. at *8B*11.  The
court concluded that the underlying nature of the plaintiff=s allegations related to an unsafe condition created
by an item of furniture.  See id.
at *8.    








In this case, appellees are not complaining of an
unsafe piece of furniture; they are complaining of appellants= failure to help Irene down from the examination
table or to allow her husband to help her. 
Although furniture was involved in the injuries that occurred in both Marks
and this case, the furniture in this case is not alleged to have created an
unsafe condition.  To the contrary,
appellees complain of appellants= failure to adequately assist Irene and identify
that failure to assist as the cause of appellees=
injuries and damages.             
Although we might agree with counsel=s
suggestion that A[i]t does not take a rocket scientist to figure out
how this accident occurred,@ the legislature did not carve any exceptions into
the statute for common-sense claims against health care providers or
physicians.  As the Fourteenth Court of
Appeals recently explained in an opinion awaiting publication, even if res ipsa
loquitur does apply to a certain case, an expert report or some form of expert
testimony is still required.  See,
e.g.,  Hector v. Christus
Health Gulf Coast, No. 14‑04‑00625‑CV, 2005 Tex. App.
LEXIS 6608, *14B*15 (Houston [14th Dist.] August 18, 2005, no pet.
h.) (publication pending).  Put simply,
if a claim is a health care liability claim, section 74.351 applies, regardless
of the obviousness of the claim=s allegations or how the claim is pled.  

We have reviewed appellees= original petition, and for the reasons stated
above, we conclude that the claims asserted by appellees are health care
liability claims and, as such, are subject to the provisions of section
74.351.  We therefore conclude that the
trial court abused its discretion by failing to grant appellants= motion to dismiss. 
We remand the case to the trial court with directions to award
appellants reasonable attorney=s fees and costs of court and to dismiss with
prejudice the claims filed by appellees. 
See Tex. Civ. Prac. &
Rem Code Ann. ' 74.351(b).                                                                                        

 

 

_______________________

DORI CONTRERAS GARZA,

Justice

 

Memorandum Opinion delivered and 

filed this the 6th day of October, 2005.