Opinion issued October 13, 2005
     










In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00550-CV




ARMINDA TORRES AND RICHARD TORRES, Appellants

V.

MEMORIAL HERMANN HOSPITAL SYSTEM D/B/A MEMORIAL
HERMANN SOUTHWEST HOSPITAL, Appellee




On Appeal from the 125th District Court
Harris County, Texas
Trial Court Cause No. 2003-20270




O P I N I O N

          Appellants, Arminda and Richard Torres, appeal an order dismissing their suit
against appellee, Memorial Hermann Hospital System d/b/a Memorial Hermann
Southwest Hospital (the Hospital). In one issue, appellants argue that the trial court
erred in dismissing their suit with prejudice because they did not file an expert report
pursuant to section 13.01(e) of the Medical Liability and Insurance Improvement Act
(MLIIA). See Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, sec. 13.01(e), 1995
Tex. Gen. Laws 985, 986, repealed by Act of June 2, 2003, 78th Leg., R.S., ch. 204,
§ 10.09, 2003 Tex. Gen. Laws 847, 884 (current version at Tex. Civ. Prac. & Rem.
Code Ann. § 74.001–.507 (Vernon Supp. 2004–2005)). We affirm.
Background
          In March 2002, Arminda underwent knee replacement surgery at the Hospital. 
Three days after the surgery, Arminda was transferred to the rehabilitation unit at the
Hospital. Shortly after the transfer, she was feeling weak and could not walk without
assistance. She purportedly asked the nurses on her floor for a bedpan. The nurses
allegedly told her that because there were neither bedpans nor bedside commodes on
the rehabilitation floor, she would have to walk to the restroom. Arminda stated that
she then asked for assistance from the nurses, but a nurse never came to help. At
some point, Arminda’s daughter attempted to help her to the restroom. Arminda fell
and fractured her femur bone on the same leg that had undergone surgery.
          Appellants filed their original petition on April 16, 2003 and an amended
petition on September 30, 2003.


 They argued that because Arminda was a patient
at the Hospital, the Hospital “owed a duty to [Arminda] to supply the required
equipment and instrumentalities for the care of its patients, including furnishing a
bedpan and other similar devices and furnishing adequate care to assist her in her
rehabilitation period.” Appellants contend that the Hospital breached its duty to
Arminda and that the breach was the proximate cause of their injuries and damages.
          The Hospital filed a motion to dismiss on January 16, 2004. It contended that
appellants’ suit was a healthcare liability claim that alleged the Hospital was
negligent in rendering care, and thus it was subject to the mandatory requirements of
the MLIIA.


 The Hospital argued that appellants failed to file the required expert
report within 180 days of filing suit,


 and that, therefore, the trial court must dismiss
appellants’ suit.


 
          Appellants filed an objection to the Hospital’s motion to dismiss. In their
objection, appellants acknowledged they had not filed an expert report.


 However,
they contended that because their cause of action was for ordinary negligence, and not
a health care liability claim, an expert report was not required.


 Appellants argued
that the applicable standard of care was ordinary care, which a jury was capable of
understanding without expert testimony.
          The trial court signed the order granting the Hospital’s motion to dismiss on
February 17, 2004. This appeal followed. 
Standard of Review
          We review MLIIA section 13.01 rulings for an abuse of discretion. Walker v.
Gutierrez, 111 S.W.3d 56, 62 (Tex. 2003) (construing section 13.01(g)); Bowie
Mem’l Hosp. v. Wright, 79 S.W.3d 48, 52 (Tex. 2002) (construing section 13.01(l)
and (r)(6); Am. Transitional Care Ctrs. v. Palacios, 46 S.W.3d 873, 877 (Tex. 2001)
(construing section 13.01(e)). A trial court abuses its discretion if it acts arbitrarily
or unreasonably without reference to any guiding rules or principles when it
dismissed appellants’ case with prejudice. See Walker, 111 S.W.3d at 62; Strom v.
Mem’l Hermann Hosp. Sys., 110 S.W.3d 216, 220 (Tex. App.—Houston [1st Dist.]
2003, pet. denied). We will not reverse the trial court’s discretionary ruling simply
because we might have decided the issue differently. See Walker, 111 S.W.3d at 62;
Strom, 110 S.W.3d at 220. When reviewing a matter committed to the trial court’s
discretion, we may not substitute our own judgment for the judgment of the trial
court. Walker, 111 S.W.3d at 62. However, to the extent the resolution of this issue
requires interpretation of the statute itself, we review under a de novo standard. 
Ponce v. El Paso Healthcare Sys., Ltd., 55 S.W.3d 34, 36 (Tex. App.—El Paso 2001,
pet. denied) (citing Johnson v. City of Fort Worth, 774 S.W.2d 653, 656 (Tex. 1989)).
Discussion
          In one issue, appellants contend that because their cause of action lies in
common law negligence and not medical malpractice, the trial court erred in granting
the Hospital’s motion to dismiss. Appellants assert the same arguments on appeal
that they made to the trial court in their objection to the Hospital’s motion to dismiss,
namely, that, because their cause of action is based upon the Hospital’s failure to
provide Arminda “with adequate facilities and assistance in using the restroom,” their
suit is for ordinary negligence and is not a health care liability suit subject to the
provisions of the MLIIA. 
MLIIA Provisions
          The MLIIA and its restrictions apply to “health care liability claim[s],” which
include “a cause of action against a health care provider . . . for treatment, lack of
treatment, or other claimed departure from accepted standards of medical care or
health care or safety which proximately results in injury to or death of the patient,
whether the patient’s claim or cause of action sounds in tort or contract.”


 A “health
care provider” is “any person . . . duly licensed or chartered by the State of Texas to
provide health care as a registered nurse, hospital . . . or agent . . . acting in the course
and scope of his employment.”


 “Health care” is defined by the MLIIA as “any act or
treatment performed or furnished, or which should have been performed or furnished,
by any health care provider for, to, or on behalf of a patient during the patient’s
medical care, treatment, or confinement.”


 Thus, a health care liability claim is based
on a breach of a standard of care applicable to health care providers. Bush v. Green
Oaks Operator, Inc., 39 S.W.3d 669, 672 (Tex. App.—Dallas 2001, no pet.). 
          The MLIIA requires that a qualified physician or health care expert testify
regarding the applicable standard of care, the breach of that standard, and causation
of the plaintiff’s damages.


 The MLIIA also requires that the plaintiff file an expert
report.


 Section 13.01(d) of the MLIIA provides:
Not later than the later of the 180th day after the date on which a health
care liability claim is filed or the last day of any extended period . . . the
claimant shall, for each physician or health care provider against whom
a claim is asserted:
 
(1) furnish to counsel for each physician or health care provider one or
more expert reports, with a curriculum vitae of each expert listed in the
report; or
 
(2) voluntarily nonsuit the action against the physician or health care
provider.

Id. If the plaintiff fails to file an expert report and fails to voluntarily nonsuit the
case, the MLIIA requires the court to dismiss the suit with prejudice.


 Section
13.01(e) provides:
If a claimant has failed, for any defendant physician or health care
provider, to comply with subsection (d) . . . within the time required, the
court shall, on the motion of the affected physician or health care
provider, enter an order awarding as sanctions against the claimant or
the claimant’s attorney:
 
(1) the reasonable attorney’s fees and costs of court incurred by that
defendant;
 
(2) the forfeiture of any cost bond respecting the claimant’s claim
against the defendant to the extent necessary to pay the award; and
 
(3) the dismissal of the action of the claimant against the defendant with
prejudice to the claim’s refilling.

Id.
          Applicability of the MLIIA
          When the essence of the suit is a health care liability claim, a plaintiff cannot
artfully plead to avoid the MLIIA’s requirements. Garland Cmty. Hosp., 156 S.W.3d
at 543 (citing MacGregor Med. Ass’n v. Campbell, 985 S.W.2d 38, 40 (Tex. 1998)). 
Instead, the determination of whether a cause of action is a health care liability claim
depends on the underlying nature of the plaintiff’s claims. Id. at 543–44. If the cause
of action is based on a health care facility’s breach of the standard of medical care,
then the claim is a health care liability claim, no matter how it is labeled.


 See
MacGregor Med. Ass’n, 985 S.W.2d at 40–41; Gromley v. Stover, 907 S.W.2d 448,
450 (Tex. 1995). If the act or omission alleged in the complaint is an inseparable part
of the rendition of health care services, then the claim is a health care liability claim. 
Garland Cmty. Hosp., 156 S.W.3d at 544 (citing Walden v. Jeffery, 907 S.W.2d 446,
448 (Tex. 1995)). A consideration in that determination is whether proving the claim
would require the specialized knowledge of a medical expert. Id.
          Appellants contend that “the simple act of assisting [a]ppellant to the restroom
or furnishing her a bedpan is something that could have been done by anyone.” 
Appellants argue that the simple act “would not have required any expertise on the
nurse’s part that would require expert testimony in the medical or health care field.” 
Therefore, appellants contend that their suit is for common law negligence and is not
subject to the MLIIA. However, appellants make no effort to explain the
inconsistency between their contention that a health care provider was not required
to help Arminda to the restroom and their contention that the Hospital breached its
duty of care to Arminda by not providing a trained health care provider to assist her
to the bathroom, causing her to fall and be injured.
          Appellants cite no authority, and we find none, that supports the contention that
post-operative inpatient care gives rise to a duty of ordinary care. The cases
appellants cite as authority involve the use of mechanical or medical instruments,



patients assaulting other patients,


 and patients wandering out of a nursing hospital.


 
None of these cases deal with post-operative inpatient care; therefore, they are not
analogous to appellants’ suit.
          The underlying nature of appellants’ allegations is that the Hospital and the
nurses did not provide Arminda with proper treatment and facilities during her post-operative inpatient rehabilitation. Appellants brought suit against the Hospital. The
Hospital and the nurses who provided Arminda’s care are health care providers.


 
Section 1.03(a)(3) of the MLIIA states a “health care provider” is “any person . . .
duly licensed or chartered by the State of Texas to provide health care as a registered
nurse, hospital . . . or agent . . . acting in the course and scope of his employment.”


 
Indeed, the Nursing Practice Act’s


 definition of “professional nursing” specifically 
includes caring for and assisting patients during rehabilitation.


 The nurses and the
Hospital were providing Arminda with health care because they were performing and
furnishing treatment to Arminda while she was recovering as a patient at the
 Hospital.


 We conclude that appellants’ suit is a health care liability claim.


 Thus,
appellants’ suit is subject to the provisions and requirements of the MLIIA.
          Appellants filed suit on April 16, 2003. They had 180 days either to furnish
an expert report with a curriculum vitae attached or to nonsuit the case.


 They did
neither. Thus, the trial court did not abuse its discretion by dismissing their suit with
prejudice.



          We overrule appellants’ sole issue.
Conclusion
          We affirm the judgment of the trial court.
 

                                                   Evelyn V. Keyes
                                                   Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.