**Phyllis Diane WILLIAMS, Appellant,**

v.

**Christine WALKER, M.D. Appellee.**

**No. 11–97–00382–CV.**

Court of Appeals of Texas, Eastland.

April 28, 1999.

---

Cathy Adams, Kaufman, for appellant.

Lindsey Cummings, Lea Courington, Michael Yanoff, Gwin & Roby, Dallas, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCLOUD, Senior Justice.[1]

## OPINION

AUSTIN McCLOUD, Senior Justice (Retired).

The issue in this medical treatment case is whether an assault and battery claim is governed by common law or by the Medical Liability and Insurance Improvement Act, TEX. REV. CIV. STAT. ANN. art. 4590i, §§ 1.01–16.02 (Vernon Pamph. Supp.1999).

Plaintiff, Phyllis Diane Williams, alleged that she went to the office of defendant, Christine Walker, M.D., seeking consultation and treatment of a left axilla abscess. Plaintiff requested that she be treated with antibiotics because she needed to return to work. Defendant told plaintiff that the abscess needed to be surgically drained. Plaintiff alleged that she clearly stated to defendant that she did not want to be "cut" and that she was only interested in receiving antibiotic treatment. Plaintiff pleaded that, without her consent, defendant, while examining the abscess, proceeded to surgically drain the abscess. Plaintiff sustained profuse bleeding and later learned that a vein had been incised and that the abscess was incompletely removed.

Plaintiff alleged that defendant was liable to plaintiff for an assault and battery because defendant performed a medical procedure on plaintiff without plaintiff's

consent and against plaintiff's expressed direction, which action by defendant constituted a battery.

Plaintiff did not furnish to defendant's counsel an expert report or voluntarily nonsuit her action within 180 days after she filed her suit as required by Article 4590i, section 13.01(d). Pursuant to Section 13.01(e)(3), the trial court dismissed plaintiff's suit "with prejudice" to the refiling of the claim.

Plaintiff contends that the trial court erred in dismissing her suit because her common-law cause of action for assault and battery was not governed by the Medical Liability and Insurance Improvement Act. We disagree.

Section 13.01(a) governing expert reports applies to any "health care liability claim." A "[h]ealth care liability claim" is defined in Section 1.03(a)(4) of Article 4590i as a:

*[C]ause of action against a health care provider or physician for treatment,* lack of treatment, or other claimed departure from accepted standards of medical care or health care or safety which proximately results in injury to or death of the patient, *whether the patient's claim or cause of action sounds in tort or contract.* (Emphasis added)

The court in Sorokolit v. Rhodes, 889 S.W.2d 239 (Tex.1994), noted that "the underlying nature of the claim determines" whether Article 4590i applies. See also Gormley v. Stover, 907 S.W.2d 448, 450 (Tex.1995). In Walden v. Jeffery, 907 S.W.2d 446 (Tex.1995), the court observed that the controlling factor is whether the challenged act of the health care provider was "an inseparable part of the rendition of medical services." It is clear from *Sorokolit, Gormley,* and *Walden* that claims that are governed by Article 4590i may not be "recast" as different actions to avoid the standards set forth in the Medical

---

1. Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at

Eastland sitting by assignment.

Liability and Insurance Improvement Act. See also *Savage v. Psychiatric Institute of Bedford, Inc.*, 965 S.W.2d 745 (Tex.App.— Fort Worth 1998, pet'n den'd); and Andrade Garcia v. Columbia Medical Center of Sherman, 996 F.Supp. 605 (E.D.Tex. 1998).

Plaintiff's factual allegations are all related to medical treatment provided by defendant. The "underlying nature of the claim" involves assertions against a "physician for treatment." The factual allegations relied upon by plaintiff in asserting the assault and battery claim are "an inseparable part of the rendition of medical services." We hold that plaintiff's assault and battery claim is a recast "health care liability claim" and that she was required to provide an expert report or nonsuit her claim within 180 days of filing suit. The trial court properly dismissed with prejudice plaintiff's claim. Plaintiff's single point of error is overruled.

The judgment of the trial court is affirmed.