**Maria G. RUBIO and Mary Holcomb as Next Friend of Maria G. Rubio, Appellants,**

v.

**DIVERSICARE GENERAL PARTNER, INC., Diversicare Leasing Corporation, Advocat, Inc., and Texas Diversicare Limited Partnership d/b/a Goliad Manor, Appellees.**

No. 13–01–147–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 1, 2002.

not made.

David T. Marks, Houston, for appellants.

Audrey Mullert Vicknair, Cracewell & Patterson, L.L.P., Joel C. Resendez, Corpus Christi, Stephen R. Darling, San Antonio, Chaves, Gonzales & Hoblit, for appellees.

Before Justices DORSEY, YAÑEZ, and CASTILLO.

## OPINION

Opinion by Justice CASTILLO.

Appellants Maria G. Rubio and Mary Holcomb, next friend of Maria G. Rubio (appellants collectively herein referred to as "Rubio"), appeal from a summary judgment issued against them in the trial court. Summary judgment was granted against Rubio and in favor of appellees, Diversicare General Partner, Inc., Diversicare Leasing Corporation, Advocat, Inc., and Texas Diversicare Limited Partnership d/b/a Goliad Manor (appellees collectively herein referred to as "Diversicare") based on Diversicare's claim that suit was barred by the statute of limitations contained in the Texas Medical Liability Insurance Improvement Act ("MLIIA").[1] In a single issue presented, appellants argue that summary judgment was improper because the claim was not one that fell within the purview, and thus the limitations, of that Act. We reverse and remand.

### Factual Summary

Maria Rubio was a resident at Goliad Manor, a nursing home run by Diversicare.[2] She became a resident in August of 1994 at the age of eighty-two and remained as a resident at least through 1999. Rubio was suffering from senile dementia at the time she was admitted to Goliad Manor, and she was legally incompetent during her time there. During her stay at Goliad Manor, Rubio suffered two falls, once in March of 1998 and once in January of 1999. As a result of these accidents, she severely broke her leg and suffered other serious consequences. On July 14, 1999, Rubio filed suit seeking damages based on those two incidents.

Subsequently, on September 26, 2000, Rubio amended her petition to seek damages based on her claim that she was repeatedly sexually assaulted by a fellow Goliad Manor resident in April of 1995. The amended petition claimed that Goliad Manor failed to take measures to prevent the incidents despite its knowledge that

---

1. TEX. REV. CIV. STAT. ANN. art. 4590i §§ 1.01–16.02 (Vernon Supp.2002).

2. Ms. Rubio passed away during the pendency of this lawsuit in the trial court.

the attacker had assaulted several other residents of the nursing home.

Diversicare moved for summary judgment on the sexual assault claim on the basis that the incident occurred five and a half years prior to the date that the amended petition was filed and thus was time-barred under the statute of limitations contained in the MLIIA. Rubio countered that the claim was not a health-care liability claim that should fall under the MLIIA requirements but was instead an ordinary negligence claim that should be governed by the traditional statute of limitations. The trial court granted Diversicare's motion for summary judgment on the sexual assault claim on the basis of statute of limitations and severed these claims from the rest of the claims brought by Rubio, thus rendering final judgment on this issue. Rubio timely appealed.

### Standard of Review

Diversicare moved for summary judgment based on its affirmative defense of statute of limitations. As such, the summary judgment analysis falls under Texas Rule of Civil Procedure 166a(c) (traditional summary judgment). TEX. R. CIV. P. 166a(c). In a traditional summary judgment under Texas Rule of Civil Procedure 166a(c), the movant has the burden of showing that there is no genuine issue of material fact and is entitled to judgment as a matter of law. *American Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex.1997). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true. *Id.* Every reasonable inference must be indulged in favor of the nonmovant and any doubts must be resolved in favor of the nonmovant. *Id.* Evidence favoring the movant's position will not be considered unless it is uncontradicted. *Great American Reserve*

*Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965). A defendant's motion for summary judgment must disprove at least one essential element of each of the plaintiff's causes of action, or establish all the elements of an affirmative defense as a matter of law. *Grinnell,* 951 S.W.2d at 425; *Ford v. City State Bank of Palacios,* 44 S.W.3d 121, 127 (Tex.App.-Corpus Christi 2001, no pet.). In the case of a summary judgment on the basis of the affirmative defense of statute of limitations, the defendant must conclusively establish that defense. *Zale Corp. v. Rosenbaum,* 520 S.W.2d 889, 891 (Tex. 1975). Statute of limitations is an appropriate ground for summary judgment, and the defendant will be entitled to summary judgment on that basis if it conclusively establishes that the applicable statute of limitations has expired. *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.,* 988 S.W.2d 746, 748 (Tex.1999).

### Applicable Statute of Limitations

Whether the statute of limitations expired in this case is dependent on which statute of limitations is determined to be applicable. Under the general statute of limitations for a personal injury claim, the statute of limitations is two years. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003 (Vernon Supp.2002). However, this statute of limitations is tolled when the claimant is under a "legal disability." TEX. CIV. PRAC. & REM. CODE ANN. § 16.001(b) (Vernon Supp.2002). The definition of "legal disability" includes situations where the person is of "unsound mind." TEX. CIV. PRAC. & REM CODE ANN. § 16.001(a)(2) (Vernon Supp.2002).

It is undisputed that Rubio was of unsound mind, due to her senile dementia, throughout her stay with Goliad Manor. Thus, if her claim falls within the general statute of limitations stated above, that

limitation would have been tolled, and her claims brought in 2001 for sexual assault would have been timely.

Under the MLIIA, the statute of limitations is also two years; however, there is no provision for tolling the statute of limitations due to disability:

Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed; provided that, minors under the age of 12 years shall have until their 14th birthday in which to file, or have filed on their behalf, the claim. Except as herein provided, *this subchapter applies to all persons regardless of minority or other legal disability.*

TEX. REV. CIV. STAT. ANN. art. 4590i § 10.01 (Vernon Supp.2002) (emphasis added). Therefore, if Rubio's claim falls within the definition of "health care liability claim," then it is time-barred, and the trial court was correct in granting summary judgment.

### Was Rubio's Claim a "Health Care Liability Claim"?

The MLIIA defines "health care liability claim" as "a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care or health care or safety which proximately results in injury to ... the patient, whether the patient's claim or cause of action sounds in tort or contract." TEX. REV. CIV. STAT. ANN. art. 4590i § 1.03(a)(4) (Vernon Supp.2002). Thus, the central question involved is whether the claim is one based on a "departure from accepted standards of medi-

cal care or safety." *Id.* In making this determination, we must look to the underlying nature of the cause of action, and determine whether the claim is based on a breach of the accepted standards of medical care. *MacGregor Medical Ass'n v. Campbell,* 985 S.W.2d 38, 40 (Tex.1998); *Rogers v. Crossroads Nursing Service, Inc.,* 13 S.W.3d 417, 419–20 (Tex.App.-Corpus Christi 1999, pet. denied). It is not the pleadings but the "underlying nature of the claim" that determines whether the restrictions contained in article 4590i are applicable to the case. *Sorokolit v. Rhodes,* 889 S.W.2d 239, 242 (Tex.1994). In doing so, it is helpful to examine whether the claim involves the diagnosis, care, or treatment of the patient, and whether expert witness testimony would be required to prove the negligence alleged. *Rogers,* 13 S.W.3d at 419. Where the complained-of acts committed by the health care provider are not an "inseparable part of the rendition of hospital services," the MLIIA and its strict statute of limitations is not applicable. *Bush v. Green Oaks Operator, Inc.,* 39 S.W.3d 669, 672 (Tex.App.-Dallas 2001, no pet.).

In *Rogers,* we dealt with a situation similar to the one presented in this case. In that case, a home health-care provider negligently installed a heavy medical supply cart in an invalid patient's home. *Rogers,* 13 S.W.3d at 419. We held in *Rogers* that the MLIIA statute of limitations did not apply, because the proof of the health care provider's negligence would not depend on health care-specific standards, but rather on general standards of ordinary care. *Id.* at 420. We found that the ordinary care standard, rather than medical standards, were applicable because there was no need for medical expertise to prove the wrongdoing. *Id.*

Two of our sister courts have dealt with situations nearly identical to those present-

ed in the current case, and in both cases determined that the standard of care applicable was ordinary care. *Healthcare Centers of Texas, Inc. d/b/a Laporte Healthcare Center v. Rigby,* No. 14–00–00790–CV, 2002 WL 369960, —— S.W.3d —— (Tex.App.-Houston [14th Dist.] March 7, 2002, no pet. h.); *Sisters of Charity of the Incarnate Word d/b/a St. Joseph Hospital v. Gobert,* 992 S.W.2d 25 (Tex.App.-Houston [1st Dist.] 1997, no pet.). In *Gobert,* suit was filed against a hospital based upon an incident where the plaintiff was sexually assaulted by a fellow hospital patient. *Gobert,* 992 S.W.2d at 27. The hospital argued that the applicable standard of care was that of medical negligence, requiring expert medical witness testimony. *Id.* at 28. The First District Houston court disagreed, holding that

> [T]his is not a medical malpractice case where the jury would be instructed about the appropriate standard of care for mental patients generally. St. Joseph had a duty to provide for the care and protection of its patients, and to exercise reasonable care to safeguard its patients from any known or reasonably known danger. Therefore, this is a case of simple negligence, and the standard of care is that of ordinary care.

*Id.* In *Rigby,* a bystander who witnessed a sexual assault in a hospital sued based on the hospital's failure to protect its residents from a known sexual deviant. *Rigby,* at *10, at ——. The hospital argued that the MLIIA precluded recovery for bystander liability, and thus the cause should be dismissed. *Id.* at *20, at ——. The MLIIA was applicable, the hospital claimed, because the suit amounted to a claimed departure from the accepted standards of safety. *Id.* The Fourteenth District Houston court disagreed, stating that "[b]ecause the issue of protecting Mrs. Underwood from Mr. Jones is not governed by an accepted standard of safety within

the health care industry, but rather is governed by the standard of ordinary care, the plaintiff's cause of action is one of simple negligence not governed by article 4590i." *Id.*

In the present case, the underlying nature of the sexual assault claim depends not on expert medical witness testimony, but on the standard of ordinary care applicable to any typical negligence case. No medical expert witness testimony would be required to prove whether Diversicare provided adequate security for, and supervision of, its residents. The claimed negligence by Rubio was not that Diversicare or its doctors failed to follow medical procedures, and in fact did not involve a medical issue. Nor would there be any need to bring expert medical testimony to prove whether Diversicare was aware of the sexual assaults committed against other residents prior to the April 1995 assaults on Rubio, and nevertheless failed to take precautionary measures to prevent such assaults in the future. The circumstances of this case are similar to those in *Rogers,* in that no medical expertise is necessary to prove the claimed wrongdoing.

■ Further, we disagree with Diversicare's assertion in its brief that Rubio "judicially admitted" the application of the MLIIA to the current case, and is therefore estopped from arguing that the MLIIA is inapplicable. Diversicare cites *Horizon/CMS Healthcare Corp. v. Auld,* 34 S.W.3d 887 (Tex.2000) in support of this claim. We find that *Auld* does not stand for this proposition. The *Auld* court stated that " '[a] judicial admission must be a clear, deliberate, and unequivocal statement,' and 'occurs when an assertion of fact is conclusively established in live pleadings, making the introduction of other pleadings or evidence unnecessary.' " *Id.* at 905 (quoting *Regency Advantage*

*Ltd. Partnership v. Bingo Idea–Watauga, Inc.,* 936 S.W.2d 275, 278 (Tex.1996) and *Chilton Ins. Co. v. Pate & Pate Enters., Inc.,* 930 S.W.2d 877, 884 (Tex.App.-San Antonio 1996, writ denied)). In *Auld,* the Texas Supreme Court found that the plaintiff made unequivocal assertions that the defendant was a "health care provider" and the claim was a "health care liability claim" as defined by the MLIIA. *Id.* The *Auld* court found it important to the analysis of judicial admissions that the initial pleading claiming that the plaintiff met the conditions precedent to suit under the MLIIA were incorporated into the final, live pleading. *Id.*

In this case, there is no such "unequivocal statement" constituting a judicial admission. On the contrary, in the First Amended Petition, which was the live pleading at the time of trial, Rubio stated in paragraph 11 that

> Plaintiffs would further show that portions of the underlying cause of action are not subject to Tex.Rev.Civ. Stat. Ann. art. 4590i since it does not involve issues of medical malpractice but rather issues of ordinary care with regards to furnishing a reasonably safe place for Maria Rubio to reside at Defendant's facility and Defendant's failure to exercise ordinary care to protect her from a sexual predator.

While Rubio alleges in her amended petition that Diversicare is a "health care provider" and further that, as to her claims that *did* fall within the MLIIA's requirements, she had met the notice requirements, Rubio nowhere alleges that this particular claim was a "health care liability claim" as defined by the MLIIA. The doctrine of judicial admissions as articulated in *Auld* is not applicable to this case and does not relieve Diversicare of its burden to demonstrate the applicability of the MLIIA's statute of limitations to this cause of action.

Therefore, as the sexual assault claim asserted by Rubio did not fall within the category of claims governed by the MLIIA, we find that Diversicare failed to conclusively establish its affirmative defense of limitations. *See KPMG Peat Marwick,* 988 S.W.2d at 748. Accordingly, we sustain Rubio's issue on appeal.

## Conclusion

Having sustained Rubio's sole issue, we reverse the summary judgment issued by the trial court and remand for further proceedings consistent with this opinion.