11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

                                                                              

Randall Jones and Sandi Jones

Appellants

Vs.                   No.
11-03-00144-CV -- Appeal from Collin County

Mehdi Khorsandi, M.D.

Appellee

 

Randall Jones and Sandi Jones sued Dr. Mehdi
Khorsandi and the North Central Medical Center alleging that Randall was
sexually assaulted by Dr. Khorsandi while Randall was a patient at the medical
center.  The plaintiffs did not file an
expert report under former TEX.REV.CIV.STAT. art. 4590i, ' 13.01 (2003).[1]  Consequently, the Medical Center moved for
dismissal.  On January 14, 2003, the
trial court granted the Medical Center=s
motion, dismissed the claims against the Medical Center, and ordered that those
claims be severed from the ones against Dr. Khorsandi.[2]  Subsequently, after receiving notice that the
plaintiffs were filing a nonsuit but intended to refile the suit at a later time,
Dr. Khorsandi filed a motion for dismissal with prejudice pursuant to Article
4590i, section 13.01.  The trial court
granted Dr. Khorsandi=s
motion, dismissed the claims with prejudice, and ordered the plaintiffs to pay
$20,969 in attorney=s fees
and costs to Dr. Khorsandi.  The
plaintiffs appeal.  We reverse and
remand.  








The plaintiffs present 11 issues for review.  The first six issues involve the taking of a
nonsuit by the plaintiffs against Dr. Khorsandi.  In these issues, the plaintiffs assert that
their nonsuit was effective prior to the filing of the doctor=s motion to dismiss with
prejudice.  In the next three issues, the
plaintiffs argue that, even if their nonsuit was ineffective, the trial court
erred in granting the doctor=s
motion to dismiss because the plaintiffs had alleged intentional tort claims
against Dr. Khorsandi that do not fall within Article 4590i, section
13.01.  In their tenth issue, the
plaintiffs argue that the trial court erred in refusing to reinstate the case
and grant the plaintiffs an additional 30 days to file an expert report.  In their final issue, the plaintiffs contend
that the award of attorney=s
fees was erroneous.    

                                                            Effectiveness
of Nonsuit

With respect to their nonsuit, the plaintiffs
specifically argue as follows.  In the
first issue, the plaintiffs contend that their nonsuit effectively terminated
the trial court=s
jurisdiction over the plaintiffs and that, therefore, the trial court erred in
denying the plaintiffs=
special appearance.  In the second issue,
they argue that the trial court erred in failing to properly apply the mailbox
rule[3]
to the filing of their notice of and motion for nonsuit.  In the third issue, the plaintiffs contend
that the trial court abused its discretion in failing to enter an order on
their motion for nonsuit.  In the fourth
issue, the plaintiffs assert that the trial court failed to follow the rules
and caselaw regarding nonsuits.  In the
fifth issue, the plaintiffs assert that the trial court erred in its
interpretation of TEX.R.CIV.P. 162 regarding the right to take a nonsuit.  In the sixth issue, the plaintiffs contend
that the trial court erred in granting Dr. Khorsandi=s
motion to dismiss with prejudice because the plaintiffs=
nonsuit was effective prior to the filing of the doctor=s
motion.  

Whether the plaintiffs=
nonsuit was effective prior to the filing of Dr. Khorsandi=s motion to dismiss depends on which
party won the Arace to
the courthouse@ created
by Article 4590i, section 13.01.  See
Martinez v. Lakshmikanth, 1 S.W.3d 144, 148 (Tex.App. - Corpus Christi
1999, pet=n den=d). 
The record shows that, on January 30, 2003, the plaintiffs= attorney, Stephanie Dinsmore Phipps
with the law firm of Richardson, Stoops, Richardson & Ward of Tulsa,
Oklahoma, notified  counsel for Dr.
Khorsandi that the plaintiffs were filing a motion for nonsuit.  The notice of and motion for nonsuit without
prejudice was faxed to Dr. Khorsandi=s
counsel at 11:26 a.m. on January 30, and an original was sent to counsel by
certified mail on the same day.  Also on
January 30, the notice of and motion for nonsuit was sent by certified mail
through the United States Postal Service to the district court
coordinator.  The plaintiffs= notice of and motion for nonsuit was
received on February 3, 2003, and file-stamped on February 4, 2003.  








The record also shows that, on January 30, after
receiving the fax from plaintiffs=
counsel, one of Dr. Khorsandi=s
counsel, Steve Nagle, called Phipps and asked Ain
all candidness@ whether
the plaintiffs intended to refile. 
Phipps responded in the affirmative. 
Subsequently, Nagle drove to the courthouse and placed the doctor=s motion to dismiss with prejudice in
the drop box at the clerk=s
office between 4:30 and 5:00 p.m. on January 30.  The motion filed by Nagle was file-stamped at
4:45 p.m. on January 30.  

Even if we were to interpret the mailbox rule as
plaintiffs argue that we should, we cannot find that the plaintiffs= nonsuit was filed prior to Dr.
Khorsandi=s motion
to dismiss.  The plaintiffs argue that
their nonsuit was Afiled@ or should have been Adeemed filed@
when it was placed in the United States mail on January 30.  See, e.g., Warner v. Glass, 135 S.W.3d
681 (Tex.2004)(inmate=s
petition deemed filed when placed with prison officials for mailing); Bailey
v. Hutchins, No. 07-04-0254-CV, 2004 WL 1616298 (Tex.App. - Amarillo July
19, 2004, no pet=n
h.)(petition deemed filed on day of mailing for purposes of effective date of
applicable statute); Thomas v. Gelber Group, Inc., 905 S.W.2d 786, 789
(Tex.App. - Houston [14th Dist.] 1995, no writ)(answer deemed filed when mailed
even though it had not been received by court when default judgment was
rendered); Milam v. Miller, 891 S.W.2d 1 (Tex.App. - Amarillo 1994, writ
ref=d)(answer was timely and was deemed
filed when it was deposited in the mail); Danesh v. Houston Health Clubs,
Inc., 859 S.W.2d 535 (Tex.App. - Houston [1st Dist.] 1993, writ ref=d)(plaintiff brought suit prior to
expiration of statute of limitations by mailing the petition pursuant to Rule 5
even though the district clerk received and file-stamped the petition after the
expiration of limitations).  However,
there is nothing in the record indicating what time the plaintiffs= nonsuit was deposited in the United
States mail.  The postmark reflects the
date of January 30, but the time of day was not recorded.  The affidavits provided by plaintiffs= counsel also do not reflect the time
of day that the nonsuit was mailed but, rather, reflect the time that the fax
was sent to defense counsel. 
Consequently, the plaintiffs have not demonstrated that they deposited
their notice of and motion for nonsuit in the United States mail prior to 4:45
p.m. on January 30, the time indicated on the file-stamp on Dr. Khorsandi=s motion to dismiss.  








Because the plaintiffs did not show that their
notice of and motion for nonsuit had been filed prior to the time Dr. Khorsandi
filed his motion to dismiss with prejudice, which asserted a claim for attorney=s fees, the plaintiffs= nonsuit could not prejudice the right
of Dr. Khorsandi Ato be
heard on a pending claim for affirmative relief@
pursuant to Rule 162.  Although we do not
condone the gamesmanship that may have occurred in this case, we hold that the
trial court did not err in denying the plaintiffs=
special appearance; in failing to enter an order on the plaintiffs= motion for nonsuit; in interpreting
and applying the mailbox rule, other applicable rules, or case law; or in
determining that Dr. Khorsandi=s
motion to dismiss was filed prior to the time the plaintiffs= nonsuit was filed.  The first, second, third, fourth, fifth, and
sixth issues are overruled.  

                                              Merits
of the Dismissal under Article 4590i

In the seventh, eighth, and ninth issues, the
plaintiffs specifically contend that the trial court erred in granting Dr.
Khorsandi=s motion
to dismiss with prejudice, effectively ruling that all of the plaintiffs= claims were encompassed within Article
4590i; that the trial court erred in dismissing the intentional tort claims
against Dr. Khorsandi because such claims were filed timely and do not fall
within the scope of Article 4590i; and that the trial court erred in dismissing
all of the plaintiffs=
intentional tort causes of action against Dr. Khorsandi because these causes of
action are not subject to the expert report requirement of Article 4590i.  

A dismissal under Article 4590i is generally
reviewed under an abuse of discretion standard. 
American Transitional Care Centers of Texas, Inc. v. Palacios, 46
S.W.3d 873, 877 (Tex.2001); Buck v. Blum, 130 S.W.3d 285, 290 (Tex.App.
- Houston [14th Dist.] 2004, no pet=n);
Ponce v. El Paso Healthcare System, Ltd., 55 S.W.3d 34, 36 (Tex.App. ‑
El Paso 2001, pet=n den=d). 
However, when the issue involves the applicability of Article 4590i to
the claim and requires an interpretation of the statute, we must apply a de
novo standard of review.  Buck v. Blum,
supra; Ponce v. El Paso Healthcare System, Ltd., supra.  

Article 4590i, section 13.01(d) provided that a
claimant must furnish an expert report to counsel for each defendant not later
than the 180th day after the date on which the health care liability claim was
filed.  Article 4590i, section 1.03(a)(4)
defined Ahealthy
care liability claim@
as follows:








AHealth
care liability claim@
means a cause of action against a health care provider or physician for
treatment, lack of treatment, or other claimed departure from accepted
standards of medical care or health care or safety which proximately results in
injury to or death of the patient, whether the patient=s
claim or cause of action sounds in tort or contract.

In order to determine whether the plaintiffs asserted a health
care liability claim, we must examine the underlying nature of the
allegations.  Buck v. Blum, supra
at 290;  Bush v. Green Oaks Operator,
Inc., 39 S.W.3d 669, 672 (Tex.App. ‑ Dallas 2001, no pet=n). 
Generally, a cause of action will be considered a health care liability
claim if it is based on a breach of the applicable standard of care for health
care providers or if the act or omission complained of was Aan inseparable part of the rendition of
medical services.@  Buck v. Blum, supra at 291; Rubio
v. Diversicare General Partner, Inc., 82 S.W.3d 778 (Tex.App. - Corpus
Christi 2002, pet=n
granted); Bush v. Green Oaks Operator, Inc., supra at 672; Williams
v. Walker, 995 S.W.2d 740, 741 (Tex.App. - Eastland 1999, no pet=n). 

Claimants may not recast a health care liability
claim as some other type of claim in an attempt to avoid the application of
Article 4590i.  Texas courts have
repeatedly thwarted such attempts.  See
MacGregor Medical Association v. Campbell, 985 S.W.2d 38, 40 (Tex.1998); Sorokolit
v. Rhodes, 889 S.W.2d 239 (Tex.1994); Bush v. Green Oaks Operator, Inc.,
supra at 671; Williams v. Walker, supra.  We note, however, that Article 4590i should
not be extended beyond its stated bounds because not every action taken by a
health care provider or every injury suffered by a patient falls within the
scope of Article 4590i.  Bush v. Green
Oaks Operator, Inc., supra; Rogers v. Crossroads Nursing Service,
Inc., 13 S.W.3d 417, 420 (Tex.App. ‑ Corpus Christi 1999, no pet=n); see Buck v. Blum, supra
at 291 n.6.  

The record in this case shows that the plaintiffs
sued Dr. Khorsandi alleging claims for intentional infliction of emotional
distress and assault and battery.  The
plaintiffs= petition
alleged that Randall went to the Medical Center=s
emergency room and sought treatment for acute abdominal pain.  The petition further alleged that, while
Randall was under the influence of medication, Ahe
was the subject of unwanted and offensive sexual advances perpetrated by@ Dr. Khorsandi.  These unwanted sexual advances allegedly
occurred over a three-day period and ultimately resulted in Avile sexual assault and battery@ on the third day.  








We hold that the claims asserted by the plaintiffs
were not health care liability claims and, therefore, that the plaintiffs were
not required to furnish an expert report. 
The claims involving Dr. Khorsandi=s
alleged sexual advances and sexual assault of his patient are similar to the
claims asserted in Bush, Rubio, and Buck.[4]  In these cases, the courts determined that
Article 4590i did not apply because the claims were not health care liability
claims.  In Bush, an inpatient
sued the hospital after she was attacked by a fellow patient.  Bush v. Green Oaks Operator, Inc., supra.  In Rubio, a nursing home resident sued
the nursing home after she was sexually assaulted by another resident.  Rubio v. Diversicare General Partner, Inc.,
supra.  In Buck, a patient
sued the hospital and a neurologist for assault and battery after the neurologist
placed his penis in the patient=s
hand during an exam.  Although the cause
against the neurologist had been severed from the one against the hospital,
which was at issue on appeal, the court of appeals noted that the neurologist=s Aalleged
assaultive conduct would certainly not be considered an inseparable part of the
rendition of medical care.@
 Buck v. Blum, supra at
291-92 n.6.  

As in Bush, Rubio, and Buck,
the nature of the allegations against Dr. Khorsandi do not involve a breach of
the applicable standard of care for health care providers, and the alleged
sexual assault is not Aan
inseparable part of the rendition of medical services.@  Because the plaintiffs=
claims against Dr. Khorsandi were not health care liability claims, the
provisions of Article 4590i did not apply. 
Consequently, the trial court abused its discretion in dismissing with
prejudice the plaintiffs=
claims against Dr. Khorsandi for failing to furnish an expert report.  We sustain the plaintiffs= seventh, eighth, and ninth issues. 

In their tenth issue, the plaintiffs argue that
the trial court erred in refusing to reinstate the case and grant an additional
30 days to obtain an expert report pursuant to Article 4590i.  We need not address this issue because, as
discussed above, the plaintiffs=
claims against Dr. Khorsandi fall outside the scope of Article 4590i.  See TEX.R.APP.P. 47.1.  








In their eleventh issue, the plaintiffs contend
that the trial court erred in awarding attorney=s
fees to Dr. Khorsandi.  Based upon our
decision that the trial court erred in granting the doctor=s motion to dismiss with prejudice, we
must also reverse the trial court=s
award of attorney=s
fees.  Article 4590i, section 13.01(e)
provided that attorney=s
fees were required to be awarded as sanctions when a claimant failed to provide
an expert report for any defendant. 
Because we held that an expert report was not required and that Dr.
Khorsandi was not entitled to a dismissal under Article 4590i, section 13.01,
we also hold that the award of attorney=s
fees was erroneous.  The plaintiffs= eleventh issue is sustained.  

The judgment of the trial court is reversed, and
the cause is remanded to that court for further proceedings.  

 

                                                                                                W.
G. ARNOT, III

CHIEF JUSTICE 

 

September 9, 2004

Panel
consists of:  Arnot, C.J., and

Wright,
J., and McCall, J. 











[1]TEX.REV.CIV.STAT. art. 4590i, the Medical Liability and
Insurance Improvement Act, was repealed effective September 1, 2003, but it was
still in effect at the time this lawsuit was filed.  We note that the current version of the
medical liability provisions have been codified at TEX. CIV. PRAC. & REM.
CODE ANN. ch. 74 (Vernon Pamph. Supp. 2004). 






[2]Neither the Medical Center nor the claims against the
Medical Center are before this court in this appeal. 





[3]TEX.R.CIV.P. 5.





[4]Compare these cases to Williams, in which an
alleged assault and battery was inseparable from medical services where patient
claimed that a physician performed a medical procedure without the patient=s consent.  In
that case, we held that Article 4590i applied because the patient=s claims were inseparable from the rendition of medical
services.  Williams v. Walker, supra
at 742.