MEMORANDUM OPINION



No. 04-07-00031-CV



Matthew BRZOZOWSKI,


Appellant



v.



SOUTHEAST BAPTIST HOSPITAL,


Appellee



From the 150th Judicial District Court, Bexar County, Texas


Trial Court No. 2006-CI-05702


Honorable Barbara Hanson Nellermoe, Judge Presiding



Opinion by: Catherine Stone, Justice


Sitting: Catherine Stone, Justice

 Karen Angelini, Justice

 Rebecca Simmons, Justice


Delivered and Filed: October 17, 2007


AFFIRMED

 Matthew Brzozowski appeals the trial court's order dismissing the underlying lawsuit based
on Brzozowski's failure to timely file an expert report as required by Chapter 74 of the Texas Civil
Practice and Remedies Code ("Code"). Because Brzozowski's claims are health care liability claims
and Brzozowski failed to preserve his complaint of inadequate notice for our review, we affirm the
trial court's order.

Chapter 74 Dismissal


 While a trial court's order to dismiss a health care liability claim is reviewed under an abuse
of discretion standard, the determination of whether a claim is a health care liability claim requires
an interpretation of Chapter 74 and is, therefore, reviewed under a de novo standard. Espinosa v.
Baptist Health System, No. 04-05-00131-CV, 2006 WL 2871262, at *1 (Tex. App.--San Antonio
Oct. 11, 2006, pet. denied). To determine whether a cause of action is a health care liability claim,
we examine the underlying nature of the claim and are not bound by the form of the pleading. 
Diversicare Gen. Partner, Inc. v. Rubio, 185 S.W.3d 842, 847 (Tex. 2005). A cause of action is a
health care liability claim if it is based on a claimed departure from an accepted standard of medical
or health care, regardless of whether the action sounds in contract or tort. Id. at 848. A cause of
action alleges a departure from accepted standards of medical or health care if the act or omission
complained of is an inseparable part of the rendition of medical services. Id. Whether expert
testimony is necessary to prove the claim is an important factor in determining whether a cause of
action is an inseparable part of the rendition of medical or health care services. Id. Expert testimony
is necessary to establish the applicable standard of care when the alleged negligence is of such a
nature as not to be within the experience of the layman. Institute for Women's Health, P.L.L.C. v.
Imad, No. 04-05-00555-CV, 2006 WL 334013, at *3 (Tex. App.--San Antonio Feb. 15, 2006, no
pet.).

 Brzozowski was taken by police to Southeast Baptist Hospital after he was injured in an
automobile accident. Brzozowski contends that the only treatment to which he consented was the
taking of a blood sample. Brzozowski sued the Hospital for damages arising from the Hospital's
provision of other medical services to Brzozowski without his consent. All of the actions taken by
the Hospital, including its restraint of Brzozowski, were an inseparable part of the rendition of
medical services. See Groomes v. USH of Timberlawn, Inc., 170 S.W.3d 802, 806 (Tex.
App.--Dallas 2005, no pet.) (whether doctor was authorized to detain a patient required expert
testimony regarding the departure from the accepted standard of care); Theroux v. Vick, 163 S.W.3d
111, 114 (Tex. App.--San Antonio 2005, pet. denied) (claim that physician performed more invasive
surgery without consent was a health care liability claim); Gomez v. Diaz, 57 S.W.3d 573, 581 (Tex.
App.--Corpus Christi 2001, no pet.) (holding battery claim based on lack of effective consent was
a recast health care liability claim); Williams v. Walker, 995 S.W.2d 740, 742 (Tex. App.--Eastland
1999, no pet.) (claim that physician performed medical procedure without consent held to be a health
care liability claim). Expert testimony would be necessary to establish whether the applicable
standard of care was breached in view of the reasons given by the Hospital for providing treatment
without specific consent. See Murphy v. Russell, 167 S.W.3d 835, 838 (Tex. 2005). Accordingly,
Brzozowski's claims are health care liability claims subject to the expert report requirement of
Chapter 74 of the Code.

 Brzozowski contends that because he pled causes of action for false imprisonment and assault
and battery, Chapter 74 does not apply to those claims. It is well settled that a health care liability
claim cannot be recast as another cause of action to avoid the requirements of Chapter 74. 
Diversicare Gen. Partner, Inc., 185 S.W.3d at 851. We examine the nature of the underlying claims
and allegations and are not bound by the form of the pleading. Id. at 847; Imad, 2006 WL 334013,
at *3. A recasting of a health care liability claim in the garb of some other cause of action will not
be allowed to circumvent Chapter 74. NCED Mental Health, Inc. v. Kidd, 214 S.W.3d 28, 34-35
(Tex. App.--El Paso 2006, no pet.). Although Brzozowski assigned different labels to his causes
of action, the underlying allegation that the Hospital performed medical procedures on him without
his consent remains the same. Brzozowski's claims based on this allegation are health care liability
claims subject to the expert report requirement of Chapter 74.

Notice of Hearing


 Brzozowski also contends that the trial court erred in dismissing his claims because he was
not given three days notice of the hearing. A party who receives untimely notice must file a motion
for continuance or raise the notice complaint during the hearing to preserve error; any error resulting
from the trial court's failure to provide proper notice is waived if a party proceeds to trial and fails
to object to the untimely notice. Hadeler v.Hadeler, No. 04-06-00459-CV, 2007 WL 1825855, at
*1 (Tex. App.--San Antonio June 27, 2007, no pet.); see also Manning v. North, 82 S.W.3d 706,
714-15 (Tex. App.--Amarillo 2002, no pet.) (finding waiver in context of dismissal hearing). In this
case, the motion to dismiss was filed on October 11, 2006, and the trial court signed a fiat setting the
motion for a hearing on October 19, 2006. The trial court also signed an order permitting
Brzozowski, who was an inmate, to appear via telephone and stating that the trial court would initiate
a phone call to his unit to conduct the hearing. The trial court's order recites that Brzozowski
appeared by telephone and announced ready. Absent evidence to the contrary, we view recitations
contained in the trial court's order as true. In re D.J.M., 114 S.W.3d 637, 639 (Tex. App.--Fort
Worth 2003, pet. denied). Accordingly, Brzozowski waived his complaint of improper notice of the
trial court's hearing by failing to object or request a continuance.

Conclusion


 The trial court's order is affirmed.

 Catherine Stone, Justice