# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 26, 2011

No. 10-50899
Summary Calendar

Lyle W. Cayce
Clerk

CONNIE LEE LEON,

Plaintiff - Appellant

v.

UNITED STATES OF AMERICA,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas, San Antonio
USDC No. 5:10-CV-162

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Connie Lee Leon, *pro se*, appeals the summary judgment dismissing her medical malpractice and battery claims against the United States under the Federal Tort Claims Act. The United States has moved for summary affirmance, which Leon opposes.

Leon asserted claims for medical malpractice and battery, claiming that she suffered complications following an allegedly unnecessary medical procedure

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50899

provided by a urologist at Brooke Army Medical Center. Leon moved for summary judgment, asserting that the government's failure to respond to her request for admissions resulted in deemed admissions entitling her to judgment as a matter of law. The magistrate judge, before whom the parties had consented to proceed, held that Leon moved for summary judgment before the government's deadline for responding to her request for admissions had passed and, consequently, there were no deemed admissions.

The government also moved for summary judgment on the ground that Leon failed to provide expert medical testimony to prove a breach of the applicable standard of care, as required by Texas law, where the alleged malpractice occurred. *See* 28 U.S.C. § 1346(b)(1); *Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008). The magistrate judge held that because Leon did not designate an expert on the standards of care and because the deadline to designate experts had passed, the government was entitled to summary judgment on Leon's medical malpractice claim. The magistrate judge further held that Leon's battery claim based on allegedly unconsented-to procedures was an inseparable part of the rendition of medical services and, consequently, she was also required to provide expert testimony for that claim. *See Williams v. Walker*, 995 S.W.2d 740, 741-42 (Tex. App. Eastland 1999).

Leon does not dispute that she was required to provide expert testimony. Instead, she explains that she believed that a letter from Colonel Mary Ann McAfee, Deputy Commander for Clinical Services at Brooke Army Medical Center, apologizing "for our failure to meet your expectations of care," was sufficient to serve as a medical expert report. Leon asserts that, had she known that the McAfee letter was insufficient, she would have identified another medical expert. She asserts that she proved her ability to do so by providing a letter dated September 13, 2010 (approximately three weeks after the grant of

2

No. 10-50899

summary judgment) from Dr. Bruce L. Halbridge, which was attached to her notice of appeal.

Upon consideration of Leon's brief, the record, and the applicable law, we are convinced that the district court correctly granted summary judgment for the government. Accordingly, the government's motion for summary affirmance is GRANTED and the judgment of the district court is AFFIRMED.